IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
VIOLA H. BANKS,              )
                             )
      Plaintiff,             )
                             )    CIVIL ACTION NO.
      v.                     )    2:11cv462-MHT
                             )        (WO)
JACKSON HOSPITAL & CLINIC,   )
INC.,                        )
                             )
      Defendant.             )
```

OPINION AND ORDER

Plaintiff Viola H. Banks brought this lawsuit against defendant Jackson Hospital & Clinic, Inc., alleging race- and age-based discrimination in employment.  The case is now before the court on Banks's motion for an extension of time to file her response to the hospital's motion for summary judgment.  For the reasons that follow, the court will conditionally grant Banks's motion.

There are numerous, compelling reasons why Banks's extension motion should be denied.  First among them is the eleventh-hour nature of the request, which was submitted the day before the summary-judgment response was

due.  This court made clear in its uniform scheduling order that eleventh-hour extension motions would "be denied outright" if not predicated on "unforeseen and unavoidable circumstances beyond the control of the movant."   Uniform Scheduling Order 6 (Doc. No. 23). Banks's counsel raised no objection to that requirement, yet his motion for an extension failed to identify any unforseen or unavoidable circumstance and, when pressed during an on-the-record telephone conference held on February 16, 2012, he could provide no viable explanation for his delay.

Instead, he argues only that he prioritized other cases during the critical discovery period and therefore has not developed a sufficient record upon which to base his response to the hospital's motion for summary judgment.  Put another way, Banks's counsel needs more time and waited until the eleventh-hour to make the request only because he has been dilatory in attending to this case, including in seeking discovery in this case.

2

From July 13, 2011, when he entered a notice of appearance, until December of that year, he made no discovery requests, took no depositions, and failed to meaningfully advance this case towards trial.  He is therefore responsible for the very conditions that he now argues justify an extension.  It is not the court's job to undo his mistake, and neglect does not constitute an unavoidable circumstance.

Nonetheless, and only because there will be no real prejudice to the hospital, the court finds that some extension is justified so that Banks will not be left out of court due to the negligence of her attorney.  The court is therefore persuaded that an extension of time until March 2, 2012, is warranted, albeit only conditionally.

*** 

For the foregoing reasons, it is ORDERED that plaintiff Viola H. Banks's motion for extension of time (doc. no. 28) is granted to the following extent:

3

(1) Plaintiff Banks has until March 2, 2012, to respond to defendant Jackson Hospital & Clinic, Inc.'s motion for summary judgment (doc. no. 25), on the condition that plaintiff Banks's counsel pay 50 % of the reasonable attorney's fees and expenses that defendant Jackson Hospital & Clinic, Inc. has incurred in connection with the extension motion.

(2) If plaintiff Banks files a timely summary-judgment response pursuant to the extension allowed by this order, defendant Jackson Hospital & Clinic, Inc. is allowed until March 9, 2012, is file a summary-judgment reply.

(3) The above-referenced fees and expenses must be paid by plaintiff Banks's counsel and are not to be borne by the plaintiff Banks herself.

(4) Plaintiff Banks's counsel has until Thursday, February 23, 2012, to file a notice in this court accepting the extension terms of this order; otherwise plaintiff Banks is not allowed additional time to respond

4

to defendant Jackson Hospital & Clinic, Inc.'s motion for summary judgment (doc. no. 25).

(5) If plaintiff Banks files a timely notice of acceptance of the extension terms of this order, defendant Jackson Hospital & Clinic, Inc. is allowed until March 2, 2012, to file a motion for reasonable attorney's fees and expenses pursuant to this order.

DONE, this the 21st day of February, 2012.

        /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE