IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
VIOLA H. BANKS,                )
                               )
    Plaintiff,                 )
                               )        CIVIL ACTION NO.
    v.                         )          2:11cv462-MHT
                               )              (WO)
JACKSON HOSPITAL & CLINIC,     )
INC.,                          )
                               )
    Defendant.                 )
```

OPINION AND ORDER

Plaintiff Viola H. Banks brought this lawsuit against defendant Jackson Hospital & Clinic, Inc., alleging race- and age-based discrimination.  On February 21, 2012, this court granted Banks's motion to extend time to file her response to the hospital's motion for summary judgment on the condition that Banks's counsel pay half of the reasonable attorney's fees that the hospital incurred in connection with the extension.  <u>Banks v. Jackson Hosp. & Clinic, Inc.</u>, 2012 WL 566561, *1 (M.D. Ala. Feb. 21, 2012).  Banks's counsel agreed and the case is now before

the court on the hospital's motion for fees.  For the reasons that follow, that motion will be granted.

As a condition of granting Banks's motion to extend, this court required her counsel to agree, in writing, to pay 50 % "of the reasonable attorney's fees and expenses that defendant Jackson Hospital & Clinic, Inc. ... incurred in connection with the extension motion." Id. On February 23, her counsel entered a notice indicating that he "respectfully accept[ed] the conditions set forth in [that order]."  Notice (Doc. No. 33) at 1.  The hospital then submitted evidence of its fees and expenses.  Therefore, the only question now before the court is whether the fees and expenses sought are reasonable.

The hospital submits a total of $ 407.50 in fees and no expenses attributable to the motion to extend.  The fee amount constitutes a little more than two hours of work at attorney billing rates between $ 130 and $ 185 per hour.  Banks's counsel has raised no objection either

to the number of hours worked or to the applicable billing rates and the court, based on "its own knowledge and experience concerning reasonable and proper fees," <u>Norman v. Hous. Auth. of Montgomery</u>, 836 F.2d 1292, 1303 (11th Cir. 1988), concludes that $ 407.50 is appropriate under the circumstances.  Therefore, pursuant to this court's previous order, Banks's counsel must pay to the hospital 50 % (or $ 203.75) of that amount.

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) Defendant Jackson Hospital & Clinic, Inc.'s motion for fees (doc. no. 38) is granted.

(2) Defendant Jackson Hospital & Clinic, Inc. is entitled to $ 203.75 in fees.

(3) The above-referenced fees must be paid, within 14 days, by plaintiff Viola H. Banks's counsel and are not to be born by the plaintiff Banks herself.

DONE, this the 8th day of May, 2012.

                            <u>    /s/ Myron H. Thompson    </u>
                            **UNITED STATES DISTRICT JUDGE**